Docket No. 16-6001

In The United States
Court of Appeals For The
First Circuit

_____

**United States**,

Appellee

v.

**Dzhokhar Tsarnaev**,

Defendant-Appellant

_____

## DEFENDANT-APPELLANT DZHOKHAR TSARNAEV'S UNOPPOSED MOTION TO STAY THE MANDATE AND VACATE THE JUDGMENT, OR IN THE ALTERNATIVE, PETITION FOR PANEL REHEARING

Defendant-Appellant Dzhokhar Tsarnaev moves this Court to stay the mandate, vacate the judgment entered April 6, 2022, and decide the four constitutional claims that were expressly left unresolved by this Court's prior opinion, United States v. Tsarnaev, 968 F.3d 24 (1st Cir. 2020), claims that were not litigated before, or adjudicated by, the Supreme Court. Because these four claims on direct appeal have not yet been adjudicated by any appellate court, Tsarnaev respectfully submits that the April 6 judgment was entered in error and should be vacated. For the same reason, the mandate should not issue at this

1

time.[1]

The government's position is as follows: The government believes that the defendant's death sentences should be affirmed for the reasons stated in the government's briefing and at oral argument. But the government does not object to the defendant's request that the Court issue an opinion explaining its disposition of the issues that were not definitively resolved in the Court's July 2020 opinion. The government agrees that the four claims specified below (¶ 4) were not resolved either by this Court or the Supreme Court.

In support of the motion, Tsarnaev's counsel state as follows:

1. Tsarnaev was charged in a 30-count indictment in the United States District Court for the District of Massachusetts with offenses arising from the 2013 Boston Marathon bombing. A jury found Tsarnaev guilty on all counts and recommended the death penalty on Counts 4, 5, 9, 10, 14, and 15. The district court "sentenced [Tsarnaev] to die, while also giving him a number of concurrent and consecutive prison terms on the remaining counts—including

---

[1] In the alternative, this Court may construe this motion as a petition for panel rehearing. Fed. R. App. P. 40(a)(1). As explained below, the judgment overlooks four unresolved constitutional claims, as well as the provisions of the Federal Death Penalty Act requiring this Court to "address all substantive and procedural issues raised on the appeal of a sentence of death," and to "state in writing the reasons for its disposition of an appeal of a sentence of death." 18 U.S.C. §§ 3595(c)(1) and 3595(c)(3); see Fed. R. App. P. 40(b)(2).

2

20 life terms." 968 F.3d at 42.

2. Tsarnaev appealed, raising numerous challenges to both his convictions and his sentences. This Court affirmed 27 counts of conviction, but "reverse[d] [Tsarnaev's] convictions on Counts 13, 15, and 18, with directions to acquit." Id. at 106. This Court also "vacate[d] his death sentences on Counts 4, 5, 9, 10, and 14, with directions to hold a new penalty-phase trial." Id.

3. This Court identified two errors necessitating vacatur of the death sentences: (i) the district court's failure to question prospective jurors about the content of the pretrial publicity that they had seen, as required by Patriarca v. United States, 402 F.2d 314 (1st Cir. 1968), see 968 F.3d at 35; and (ii) the district court's exclusion of evidence relating to Tamerlan Tsarnaev's participation in a triple homicide in Waltham, Massachusetts in 2011, see id. at 75.

4. In light of those rulings, this Court declined to reach four of Tsarnaev's appellate claims:

- Point I: The district court improperly forced Tsarnaev to trial in Boston (Opening Br. 45-101; Reply Br. 3-33). This Court said: "[I]f pressed to decide the venue question now, two of us would likely find the judge abused no discretion in finding venue proper in Boston in 2015. But we need not make such a decision now." 968 F.3d at 56.

- Point II: The district court's denial of Tsarnaev's cause challenges to two jurors who lied during voir dire, and the court's refusal to investigate Tsarnaev's colorable claim of juror dishonesty, violated the Fifth, Sixth, and Eighth Amendments (Opening Br. 102-60; Reply Br. 34-64). This Court said: "Regarding [Tsarnaev]'s claim that [Jurors] #138 and #286 lied during voir dire, we repeat a point made in our caselaw again and

3

again (and again) because it is so very important to our system of justice: If a defendant 'com[es] forward' at any point in the litigation process 'with a colorable or plausible' juror-misconduct claim, 'an unflagging duty' falls to the district court to investigate the claim.' ... But our decision on the content-specific-questioning issue makes it unnecessary to address the misconduct charge." 968 F.3d at 62 (quoting United States v. French, 904 F.3d 111, 117 (1st Cir. 2018)).

- Point III: The district court's dismissal of Juror #355 violated the Sixth Amendment, under Witherspoon v. Illinois, 391 U.S. 510 (1968), because voir dire established the juror's ability to impose the death penalty (Opening Br. 161-81; Reply Br. 65-78). This Court said: "Th[e] [Patriarca] ruling also makes it unnecessary to touch on [Tsarnaev's] argument that the judge wrongly excused [Juror] #355 for his views on the death penalty." 968 F.3d at 62.

- Point VIII: The admission of the fruit of Tsarnaev's coerced confession without a judicial determination of either voluntariness or an independent source violated the Fifth Amendment and tainted Tsarnaev's death sentences (Opening Br. 344-79; Reply Br. 138-54). This Court said: "[B]ecause [Tsarnaev] is getting another penalty-phase trial, the parties and the judge should address these matters — e.g., was the source for the video genuinely independent of his hospital confession, and if not, was the confession voluntary? — if the government again opts to offer the video into evidence and [Tsarnaev] objects." 968 F.3d at 82.

5. The government petitioned for certiorari. The government's Questions Presented sought review only of the two bases on which this Court had vacated Tsarnaev's death sentences: that is, the Patriarca and Waltham rulings. Pet. for Cert. i, United States v. Tsarnaev, No. 20-443 (U.S. Oct. 6, 2020). The Supreme Court granted certiorari on those two issues. Pursuant to Supreme Court Rule 14.1(a), no other issue was before the Supreme Court. Sup. Ct. R. 14.1(a) ("Only the questions set out in the petition, or fairly

4

included therein, will be considered by the Court.").

6. Throughout the proceedings in the Supreme Court, it was common ground between the parties that this Court had not resolved certain of Tsarnaev's appellate issues, and that as a result, further proceedings before this Court would be necessary on remand, regardless of how the Supreme Court resolved the Patriarca and Waltham issues.

7. At the certiorari stage, after Tsarnaev highlighted that this Court had not yet decided Point II, the juror-misconduct claim, the government agreed that this Court "did not decide" the "juror-misconduct claim," and acknowledged the need for further proceedings with respect to that claim: "Even if the court of appeals were ultimately to side with [Tsarnaev] on that claim, the remedy would not be vacatur of the capital sentence, ... but instead simply an evidentiary hearing in the district court." Reply Brief in Support of Pet. for Cert. 11 (U.S. Dec. 23, 2020); see Opposition to Pet. for Cert. 13 (U.S. Dec. 17, 2020). At the merits stage, the government likewise agreed that this Court "did not conclusively resolve" Point I, the venue claim, and "did not definitively resolve certain other claims." Br. for United States 15, 16 (U.S. June 14, 2021).

8. During oral argument, in response to Justice Barrett's question "wondering what the government's end game is here," the government conceded that the

death sentences could not be "reinstated" without "further proceedings on remand." Tr. of Oral Argument 53-54 (U.S. Oct. 13, 2021); see id. at 54 ("If the verdict were to be reinstated eventually, which will require some further proceedings on remand ...").

9. The Supreme Court reversed the Patriarca and Waltham rulings. United States v. Tsarnaev, 142 S. Ct. 1024, 1033-34 (2022) ("The Government argues that the Court of Appeals improperly vacated [Tsarnaev's] capital sentences based on the juror questionnaire and the Waltham evidence. We agree."). Consistent with Supreme Court Rule 14.1(a) and its usual practice, the Supreme Court did not address any of the four claims that this Court had left unresolved. See, e.g., PDR Network, LLC v. Carlton & Harris Chiropractic, 139 S. Ct. 2051, 2056 (2019) ("As we have said many times before, we are a court of 'review,' not of 'first view.'" (quoting Cutter v. Wilkinson, 544 U.S. 709, 718 n.7 (2005)). The Supreme Court's judgment of reversal pertained only to the Patriarca and Waltham claims. See, e.g., New England Power Co. v. FERC, 533 F.3d 55, 59 (1st Cir. 2008) ("'[I]t is ... clear that issues that were not decided by the appellate court and that are thus outside the scope of the mandate are not affected by the mandate.'" (quoting de Jesus–Mangual v. Rodriguez, 383 F.3d 1, 6 (1st Cir. 2004)).

10. On April 6, 2022, this Court entered judgment, stating: "In light of the

Supreme Court's decision in <u>United States v. Tsarnaev</u>, 142 S. Ct. 1024 (2022) reversing this court's decision, Dzhokhar Tsarnaev's death sentences on Counts 4, 5, 9, 10, and 14 are affirmed. As previously ordered in this Court's July 31, 2020 judgment, Dzhokhar Tsarnaev's convictions on Counts 13, 15, and 18 are reversed, and the district court is directed to enter a judgment of acquittal on those counts."

11. This Court should vacate the judgment affirming Tsarnaev's death sentences on Counts 4, 5, 9, 10, and 14 because four of Tsarnaev's constitutional claims remain unresolved. As noted above (¶ 8), the government conceded in oral argument before the Supreme Court that before the "verdict" could be "reinstated," "further proceedings on remand" would be "require[d]." Moreover, the Federal Death Penalty Act precludes this Court from affirming without deciding these claims. 18 U.S.C. § 3595(c)(1) provides: "The court of appeals <u>shall</u> address <u>all</u> substantive and procedural issues raised on the appeal of a sentence of death." (emphases added). 18 U.S.C. § 3595(c)(3) provides: "The court of appeals shall state in writing the <u>reasons</u> for its disposition of an appeal of a sentence of death under this section." (emphasis added). See, e.g., <u>United States v. Paul</u>, 217 F.3d 989, 995-96 (8th Cir. 2000) (in light of §§ 3595(c)(1) and (3), "we address each of Paul's contentions in some detail"). Respectfully, this Court has not completed either statutorily

7

mandated task.

12. Accordingly, this Court should vacate the judgment entered April 6, 2022, and should decide Tsarnaev's four remaining claims. For the reasons given in his briefs and at oral argument before this Court, Tsarnaev maintains that each of these claims requires vacatur of his death sentences, in particular Point II, as to which this Court commented: "[W]e repeat a point made in our caselaw again and again (and again) because it is so very important to our system of justice: If a defendant 'com[es] forward' at any point in the litigation process 'with a colorable or plausible' juror-misconduct claim, 'an unflagging duty' falls to the district court to investigate the claim.'" 968 F.3d at 62 (quoting French, 904 F.3d at 117). Should this Court wish, Tsarnaev will provide additional briefing and argument.

    Respectfully submitted,

    DZHOKHAR TSARNAEV

    by his attorneys:

    /s/ Daniel Habib
    Daniel Habib, Esq.
    Court of Appeals # 1173462
    Deirdre D. von Dornum, Esq.
    Court of Appeals # 11713158
    David Patton, Esq.
    Court of Appeals # 1173507
    Mia Eisner-Grynberg, Esq.
    Court of Appeals # 1186916

Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8769
DANIEL_HABIB@FD.ORG
DEIRDRE_VONDORNUM@FD.ORG
DAVID_PATTON@FD.ORG
MIA_EISNER-GRYNBERG@FD.ORG

Clifford Gardner, Esq.
Court of Appeals # 1178109
Law Offices of Cliff Gardner
1448 San Pablo Avenue
Berkeley, CA 94702
(310) 524-1093
CASETRIS@AOL.COM

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed by ECF, as well as by email to counsel of record for the government, on this 7th day of April, 2022.

/s/ Daniel Habib
Daniel Habib, Esq.
Court of Appeals #1173462
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
(212) 417-8769
DANIEL_HABIB@FD.ORG